# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE D. METZ, II, | : | |
| Plaintiff, | : | |
| vs. | : | CA 21-0540-TFM-MU |
| OFFICER D. BRIDGES, et al., | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

Plaintiff, a resident citizen of Summerfield, Florida (*see* Doc. 1, PageID. 15, 20 & 25), filed this *pro se* civil rights action against two police officers employed by the City of Dothan Police Department in this Court on December 10, 2021. (*See* Doc. 1, PageID. 14-25). The face of the form civil rights complaint plainly indicates that Metz sought to file the action in this Court (*see id.,* PageID. 14), even though the document makes clear that the actions complained of occurred in the City of Dothan, Alabama (*see id.,* PageID. 20-21), which is a city in Houston County, Alabama, *see* https://en.wikipedia.org>wiki>Dothan_Alabama (last visited, December 15, 2021), and "falls" in the Middle District of Alabama, *see* 28 U.S.C. § 81(b)(2) (recognizing that the Southern Division of the Middle District of Alabama "comprises the counties of Coffee, Dale, Geneva, Henry, and Houston.").

The general venue statute provides that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).[1] In this case, venue is improperly laid in this Court, the United States District Court for the Southern District of Alabama, because the alleged deprivations of Plaintiff's constitutional rights occurred in Houston County, Alabama (specifically, in the City of Dothan, Alabama and at the "hands" of Dothan police officers) (*see* Doc. 1), which is located in the Southern Division of the Middle District of Alabama. *See Rasheed, supra* ("[B]ecause the gravamen of Plaintiff's complaint concerns alleged constitutional deprivations within the territory of the United States District Court for the Middle District of Georgia, Plaintiff has failed to allege proper venue in this Court."). Accordingly, it is recommended that this case be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, Southern Division, a district "in which it could have been brought[,]" 28 U.S.C. § 1406(a); *see Rasheed, supra,* ("'The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.' 28 U.S.C. § 1406(a). This Court finds that transfer of this action would be in the interest of justice."). The undersigned can discern of no reason why such transfer would be prejudicial to Metz and, instead, finds that the recommended transfer is in the interest of justice.

---

[1] "Because there is no special venue statute for civil rights actions, the general venue statute, 28 U.S.C. § 1391, controls." *Rasheed v. Donald,* 2007 WL 4287697, *1 (N.D. Ga. Dec. 3, 2007) (citation omitted).

## CONCLUSION

In light of the foregoing, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1406(a).[2]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

---

[2] If Metz would prefer that this Court simply dismiss his action, in accordance with § 1406(a), he can certainly so advise the Court of his position in this regard.

3

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of December, 2021.

                                        s/P. Bradley Murray
                                  **UNITED STATES MAGISTRATE JUDGE**